JAMES P. BARKER and wife, appellants *vs.* THEOPHILUS SPICER, respondent.

Appeals from the register of wills, in probate cases, are tried by the court, and not by a jury.

On such appeal, the Superior Court has the power to direct an issue for trial at bar, in a proper case, though the register has refused it.

This was an appeal from the decree of the register of Sussex county, admitting to probate the will of Captain Lewis Spicer.

*Mr. Layton* proposed to try the appeal by jury, and on oral testimony. He said there was nothing in the constitution directing the mode of trial; that such was the course of trial by the civil law, in probate, and admiralty causes, and was consistent with our practice on appeals from other inferior jurisdictions. (He cited, 1 *U. S. Dig.* 166; 1 *Paige Rep.* 550; 3 *Dall.* 327; 2 *Yeates* 167; 3 *M'Cord* 475; 4 *Mass. Rep.* 593; 1 *Pet. Dig.* 225; 7 *Cranch* 107; *Dig.* 420, 218, 221.)

*Houston* and *Wootten* said it was a novel idea; contrary to uniform practice, and without any constitutional warrant. The appeal is to the *Court;* and the record presents no issues for jury trial. It is to be tried on the same evidence as was heard below, the depositions being sent up for this purpose.

*Layton* replied.

*By the Court.*—The practice under the amended constitution, as well as under the constitution of 1792, which are the same in this respect, has uniformly been to try appeals from the register, in probate cases, by the court. We have examined the records for more than thirty years back, and find no case of trial in the appellate court otherwise. Indeed, on this record we know not what the jury could try, or how they could be sworn. And this is in conformity with the

course of trial in all other appeals, except appeals from judgments of justices of the peace, which is provided for by act of assembly. The cause is tried on appeal on the same evidence as was heard in the court below.

The probate of wills is in the first instance with the register ; and, if he thinks proper, he may, in his discretion direct an issue to try any facts by a jury. Upon an appeal from his decision, whether he have directed an issue or not, the trial is by this court, and not by a jury.

If it appear from the record that the register refused an issue which this court thinks he ought to have granted, his decision may be reversed for this cause; and the case remanded with a view to have an issue directed. In general, a will ought not to be established against the heir at law without an issue, when he prays one at a proper time ; but there may be cases where it should be otherwise.

The case cited from 2 *Yeates' Reports*, shows that the Supreme Court of Pennsylvania, setting in appeal from the register, on a question of probate, considered itself authorized to direct an issue of devisavit vel non. Whether this court has such power, under our constitution and laws; or whether in this case it would be proper to exercise it, might be proper for consideration. But there is no such application before the court ; the case having been argued on the assumption that the trial was to be by jury, and on fresh testimony.

As the record stands the appeal is for trial before the court, upon the record and depositions taken below.

*Mr. Layton,* now moved the court to direct an issue of devisavit vel non, to be tried by a jury at bar.

*The Court* inclined to affirm its power to order an issue of devisavit vel non to be tried by a jury ; but directed the appellants to proceed in the argument to show on what facts developed by the testimony he claimed the exercise of this power in the present case ; and, after argument, they refused the issue; and affirmed the register's decree.

*Layton,* for appellants.

*Wootten* and *Houston,* for respondent.